```
 1  Eva M. Weiler (SBN: 233942)
    eweiler@shb.com
 2  Erin L. Sparkuhl (SBN: 245583)
    esparkuhl@shb.com
 3  SHOOK, HARDY & BACON L.L.P.
    Jamboree Center
 4  5 Park Plaza, Suite 1600
    Irvine, California 92614-2546
 5  Telephone: 949-475-1500
    Facsimile: 949-475-0016
 6
 7  Attorneys for Defendant and              NOTE CHANGES MADE BY THE COURT.
    Counterclaimant Cerner Healthcare
    Solutions, Inc. (erroneously sued as
 8  Cerner Healthcare Systems, Inc.)
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RX INGREDIENTS, INC., a California Corporation dba Medisco Health Care Pharmacy; and DEANNA AZRILYAN, an individual dba Medisco Health Care Pharmacy,<br><br>Plaintiff,<br><br>vs.<br><br>CERNER CORPORATION, a Delaware Corporation; RELAYHEALTH CORPORATION, a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>Defendant.<br><br>CERNER HEALTHCARE SYSTEMS, INC., a Delaware Corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>RX INGREDIENTS, INC., a California Corporation dba Medisco Health Care Pharmacy; and DEANNA AZRILYAN, an individual dba Medisco Health Care Pharmacy,<br><br>Counterclaimant Defendants. | Case No. CV 10-08201-JHN (AGRx)<br><br>Judge: Hon. Jacqueline H. Nguyen<br>Courtroom: 790 (Roybal)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br>[Filed concurrently with Stipulation for Entry of Protective Order]<br><br>Complaint Filed: Sept. 15, 2010<br>Trial Date: December 6, 2011<br><br>NOTE CHANGES MADE BY THE COURT. |

1       Plaintiffs and counterclaimant defendants RX Ingredients, Inc. and Deanna
2 Azrilyan, and defendant and counterclaimant Cerner Healthcare Solutions, Inc.
3 (erroneously sued as Cerner Healthcare Systems, Inc.) (hereinafter "Cerner")
4 (collectively, the "Parties") have stipulated to and petitioned the Court to enter the
5 Stipulated Protective Order filed concurrently herewith, the terms of which are set
6 forth below. In order to establish good cause for this Order, the Parties have
7 stipulated to the following facts, and the following principles are the basis upon which
8 documents and information in the above-captioned action (the "Action") may be
9 determined to be subject to this Stipulated Protective Order.

10     1.     In the course of this litigation, the Parties to the Action may produce or
11 seek discovery, disclosure, and/or exchange of documents, information, or other
12 materials that may constitute, contain, or relate to confidential, proprietary, or trade
13 secret information of another party or of a third party, or personal data.

14     2.     Cerner would be prejudiced if any of its competitors received access to
15 its confidential, proprietary, and/or trade secret information.

16     3.     Further, the Parties agree that although discovery of and access to some
17 of the Parties' confidential, proprietary, and/or trade secret information may be
18 required during the course of this litigation, public disclosure of such information may
19 prejudice the Parties' rights.

20     4.     The purpose of this protective order is to protect the confidentiality,
21 proprietorship, and/or privacy of the information that may be produced and/or
22 disclosed during the course of this litigation and limit the use of such information.
23 ///
24 ///
25 ///
26 ///
27
28

Accordingly, the Parties have stipulated and agreed -- and the Court now finds that good cause has been shown and therefore orders -- that discovery in this action shall be subject to the following restrictions and that the following terms and conditions shall govern the treatment of Confidential Information in this proceeding:

1. The following classifications shall apply:

   a. "Confidential Information" shall mean and include any document (whether in hard copy or computer readable form), thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided in discovery in this Action ("Discovery Material"), which contains information that is non-public and confidential or proprietary, whether personal or business-related; including information that constitutes, reflects, or concerns trade secrets, know-how or proprietary data, business, financial or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the confidential designations on Discovery Material ("the Designating Party"). Certain limited types of "Confidential Information" may be further designated, as defined and detailed below, as "Attorney's Eyes Only Information".

   b. The "Attorney's Eyes Only Information" designation shall be reserved for Confidential Information relating to trade secrets, pending patent applications, products or services currently in development and not yet commercially released, current business/strategic plans, future sales/financial projections, future marketing plans, recent detailed sales and financial data, or other highly sensitive or proprietary competitive or financial information. All such Confidential Information or Attorney's Eyes Only Information designations shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender to the party receiving the same ("Receiving Party"), or at such other time as permitted by

1  this Protective Order, provided that the inadvertent failure to so designate does not
2  constitute a waiver of such claim, and a party may so designate Discovery Material
3  after such Discovery Material has been produced, with the effect that such Discovery
4  Material is thereafter subject to the protections of this Protective Order. Designations
5  of Confidential Information and Attorney's Eyes Only Information shall constitute a
6  representation that such Discovery Material has been reviewed by an attorney for the
7  Designating Party and that there is a valid basis for such designation.
8      2.  The designation of Discovery Material in the form of documents,
9  responses to requests for admission and interrogatories, or other tangible materials
10 (including, without limitation, CD-ROMs and tapes) other than depositions or other
11 pretrial testimony as Confidential Information or Attorney's Eyes Only Information
12 shall be made by the Designating Party in the following manner:
13      a.  Documents designated "Confidential Information" shall be so
14 marked by conspicuously affixing the legend "CONFIDENTIAL" on each page
15 containing any Confidential Information (or in the case of computer medium on the
16 medium and its label and/or cover) to which the designation applies. Such designated
17 Discovery Material shall be identified by Bates number. To the extent practical, the
18 Confidential Information legend shall be placed near the Bates number. If a party
19 affixes the Confidential Information legend to a pleading or discovery response, it
20 shall place such legend at the top of the first page in at least 14 point boldface font and
21 on any applicable pages within the document;
22      b.  Documents designated "Attorney's Eyes Only Information" shall
23 be so marked by conspicuously affixing the legend "CONFIDENTIAL –
24 ATTORNEY'S EYES ONLY" on each page containing any Attorney's Eyes Only
25 Information (or in the case of computer medium on the medium and its label and/or
26 cover) to which the designation applies. Such designated Discovery Material shall be
27 identified by Bates number. To the extent practical, the Attorney's Eyes Only
28

Information legend shall be placed near the Bates number. If a party affixes the Attorney's Eyes Only Information legend to a pleading or discovery response, it shall place such legend at the top of the first page in at least 14 point boldface font and on any applicable pages within the document;

  c. If a document has more than one designation, the more restrictive or higher confidential designation applies.

  d. Documents printed out from any electronic medium marked with "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be marked by the printing party with the same designation as the electronic medium from which they are printed.

 3. Confidential Information and Attorney's Eyes Only Information shall not include any Discovery Materials which:

  a. Have been or become lawfully in the possession of the Receiving Party through communications other than production or disclosure in this Action, or in other litigation, for example, as a result of legitimate business dealings between the parties, unless those documents are covered by a separate non-disclosure or confidentiality agreement, in which case the Receiving Party may continue to use such documents in the course of its business subject to those agreements; or

  b. Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party or any of its authorized representatives or designees under this Protective Order, except insofar as the Discovery Material constitutes Personal Data. Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information.

 4. Subject to paragraphs 5 and 6 of this Protective Order, "Qualified Persons" having access to Discovery Material designated "Confidential Information" under this Protective Order, in this Action are:

     a.    Law Offices of Mark Rabinovich, attorneys of record for RX Ingredients, Inc., and Deanna Azrilyan, and their stenographic, clerical and paralegal employees whose duties and responsibilities require access to such materials;

     b.    Shook, Hardy & Bacon L.L.P., attorneys of record for Cerner, and their stenographic, clerical and paralegal employees whose duties and responsibilities require access to such materials;

     c.    Party employees or in-house attorneys to whom disclosure is reasonably necessary for maintaining, defending or evaluating this litigation;

     d.    Retained independent consultants or experts, for purposes of this action only, for any Party (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials) who are not current employees of any party to this litigation, or any direct competitor of any party to this litigation;

     e.    The Court, Court personnel, and stenographic and video reporters engaged in proceedings incident to this Action;

     f.    Outside document copying services, document coding or computerization services, trial graphics consultants, jury and trial consultants, and other entities retained by counsel of record to aid in the preparation or in the trial of this action. The class of persons identified in this subsection does not include any independent consultants or experts as set forth in subsections (c) and (d) above. Notwithstanding any other provision of this Protective Order, access to Confidential and Attorney's Eyes Only documents shall be permitted to such entities, without need for the completion of Exhibit A. The outside counsel providing Confidential or Attorney's Eyes Only documents to an individual or entity defined in this subsection shall provide the individual or entity with a copy of this protective order and request that they abide by it;

   g. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

   h. The author, prior recipient, or original source of the Discovery Material.

 5. Any Attorney's Eyes Only Information designated under this Protective Order shall be treated the same as Confidential Information, with the following exceptions:

   a. There shall be no access by Qualified Persons pursuant to paragraph 4(c), as it pertains to the Receiving Party, to Attorney's Eyes Only Information.

   b. Access by Qualified Persons pursuant to paragraph 4(d) of this Protective Order shall be restricted to the retained independent consultants or experts for each party whose duties and responsibilities require access to material designated as Attorney's Eyes Only, and who have complied with the provisions of paragraph 6. Individual staff, stenographic, and clerical employees of each such consultant or expert who has complied with the provisions of paragraph 6 need not comply with that paragraph. However, Qualified Persons pursuant to paragraph 4 (d) must make reasonable efforts to insure their staff, stenographic, and clerical employees do not violate any provision of this Protective Order;

   c. Access by Qualified Persons pursuant to paragraph 4(g) of the Protective Order shall be restricted to those who have complied with the provisions of paragraph 6;

 6. Qualified Persons defined in paragraphs 4(c), 4(d), and 4(g) shall be allowed access to Confidential Information or Attorney's Eyes Only Information, as limited by paragraph 5 of this Protective Order, only after complying with the following procedure:

      a.    Before receiving any Confidential Information or Attorney's Eyes Only Information, the person shall be furnished with a copy of this Protective Order and shall acknowledge, by executing the "Agreement to Be Bound by Protective Order" (Exhibit A), that he or she has read this Protective Order, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing relating to the enforcement of this Protective Order. In-house attorneys or employees authorized to receive Confidential Information shall not be required to execute the "Agreement to Be Bound by Protective Order" (Exhibit A), but shall otherwise be bound by its terms;

      b.    Outside counsel for each Receiving Party shall retain a copy of each signed "Agreement to Be Bound by Protective Order" (Exhibit A).

7.    Confidential Information and Attorney's Eyes Only Information and the substance or content thereof, including any notes, memoranda or other similar documents relating thereto, shall be used by a Receiving Party and its authorized representative or designees under this Protective Order solely for the purpose of this Action and any appeals therefrom, and shall not be made available, or disclosed, or summarized to any persons, including the parties, other than as permitted by paragraphs 4-6 of this Protective Order. Confidential Information and Attorney's Eyes Only Information shall be maintained by the Receiving Party under the overall supervision of outside counsel.

8.    Any person in possession of Confidential Information or Attorney's Eyes Only Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information or Attorney's Eyes Only Information in order to ensure that the confidential or highly confidential nature of the same is maintained.

9.    If Confidential Information or Attorney's Eyes Only Information is disclosed to anyone other than in a manner authorized by this Protective Order, the

1 party responsible for such disclosure must: (a) immediately bring all pertinent facts
2 relating to such disclosure to the attention of the Designating Party of the Confidential
3 Information or Attorney's Eyes Only Information; (b) retrieve such Confidential
4 Information or Attorney's Eyes Only Information, or, where the information is not
5 retrievable, certify that it has been lost or destroyed and that no copies are within the
6 possession, custody, or control of unauthorized recipients of the information,
7 documents, or materials; and (c) prevent further disclosure.
8     10. When Confidential Information or Attorney's Eyes Only Information is
9 discussed, quoted or referred to in any deposition, the disclosing party shall ensure
10 that only persons permitted by paragraphs 4-6 of this Protective Order to have access
11 to such Information are present.
12     11. Any deposition transcript containing Confidential Information or
13 Attorney's Eyes Only Information shall be marked on the cover as "Confidential
14 Pursuant To Protective Order" or "Attorney's Eyes Only," as appropriate, and shall
15 indicate as appropriate within the transcript what information has been so designated.
16 A party may designate any portion or all (if appropriate) of the transcript as containing
17 Confidential Information or Attorney's Eyes Only Information by so advising, with
18 reasonable precision as to the affected testimony, the deposition reporter, who shall
19 accordingly indicate in the deposition transcript what portion(s) of the testimony (or
20 exhibits thereto) were so designated, or by so advising all other parties in writing, and
21 with page and line designations, within thirty (30) business days after receipt of the
22 transcript.
23     12. Any party seeking to file any pleading, paper or other document in this
24 action which contains or discloses Confidential Information or Attorney's Eyes Only
25 Information shall comply with United States District Court, Central District of
26 California Local Rule 79-5.1 Filing Under Seal – Procedures.
27
28

13. Agreeing to produce or receive Discovery Material designated as Confidential Information or Attorney's Eyes Only Information or otherwise complying with the terms of this Protective Order shall not:

    a. Operate as an admission by any party that any Discovery Material designated as Confidential Information or Attorney's Eyes Only Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

    b. Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery;

    c. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Protective Order;

    d. Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Confidential Information or Attorney's Eyes Only Information should be subject to the terms of this Protective Order;

    e. Prejudice in any way the rights of any party to petition the Court for a further protective order, or modification or amendment of this order, relating to any purportedly Confidential Information or Attorney's Eyes Only Information;

    f. Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Confidential Information or Attorney's Eyes Only Information more broadly than would otherwise be permitted by the terms of this Protective Order; or

    g. Prevent any Designating Party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material designated as Confidential Information or Attorney's Eyes Only Information by that party.

14. The signing of this Protective Order or failure of a party, at the time it receives Discovery Materials designated as Confidential Information or Attorney's Eyes Only Information, to challenge or object to the Confidential Information or Attorney's Eyes Only Information designations shall not be deemed a waiver of its right to challenge or object to the Confidential Information or Attorney's Eyes Only Information designations at any later time. A party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so by the procedure set forth in United States District Court, Central District of California Local Rule 37. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

15. All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all persons who have received information under this Protective Order, after the conclusion of this action, including all appeals, until further Order of the Court, unless the parties agree otherwise in writing. Any and all originals and copies of Discovery Materials designated Confidential Information or Attorney's Eyes Only Information, shall be returned to the Designating Party within sixty (60) days after a non-appealable final judgment herein or settlement of this Action, or, at the option of the Receiving Party, destroyed in that time frame, except that outside counsel for each party may maintain in its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, and documents constituting work product which were internally generated based upon or which include Confidential Information or Attorney's Eyes Only Information. In the event that outside counsel maintains such documents, it shall not disclose material containing any type of Confidential Information or Attorney's Eyes Only Information to another party absent

1  subpoena or court order. Upon receipt of any subpoena for such information, the
2  party receiving the subpoena shall immediately notify outside counsel for the
3  Designating Party of the subpoena so that the latter may protect its interests. In the
4  event that documents are returned to or destroyed at the request of the Designating
5  Party, the other party or its outside counsel shall certify in writing that all such
6  documents have been returned or destroyed, as the case may be.

7    16.  The inadvertent production in discovery of any privileged or otherwise
8  protected or exempted information, as well as the inadvertent production in discovery
9  of information without an appropriate designation of confidentiality, shall not be
10 deemed a waiver or impairment of any claim or privilege or protection including but
11 not limited to the attorney-client privilege, the protection afforded to work-product
12 materials or the subject matter thereof, or the confidential nature of any such
13 information, provided that the producing party shall immediately notify Receiving
14 Party in writing when inadvertent production is discovered. Upon receiving written
15 notice from the producing party that privileged information or work-product material
16 has been inadvertently produced, the Receiving Party shall not duplicate the privileged
17 information or distribute the privileged information. Within five (5) days, the
18 Receiving Party shall return all copies to the Designating Party, or certify in writing
19 that all such documents have been returned or destroyed, as the case may be. In
20 addition, once notified of the production of inadvertent privileged information, the
21 Receiving Party shall, if such material has previously been disclosed to others by the
22 Receiving Party, take reasonable steps to obtain all such previously disclosed material
23 and advise such persons of the claims of privilege.

24   17.  Any violation of the terms of this Protective Order ~~shall~~ *may* be punishable by
25 money damages, interim or final injunctive or other equitable relief, sanctions,
26 contempt of court citation, or such other or additional relief as deemed appropriate by
27
28

1. the Court. The foregoing remedies shall be in addition to any other common law or statutory relief available for violation of the terms of this Protective Order.

18. Discovery Material produced by third parties may be designated by them as Confidential Information or Attorney's Eyes Only Information pursuant to the terms of this Protective Order and, when so designated, shall be treated by the parties in conformance with this Protective Order.

**IT IS SO ORDERED.**

Dated: July 20, 2011          By: *Alicia G. Rosenberg*
                                  The Honorable Jacqueline H. Nguyen
                                  U.S. ~~DISTRICT COURT~~ JUDGE
                                  MAGISTRATE

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1600, Irvine, California 92614.

On July 11, 2011, I served on the interested parties in said action the within:

## [PROPOSED] STIPULATED PROTECTIVE ORDER

by placing a true copy thereof in a sealed envelope(s) addressed as stated on the attached mailing list.

☐ (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ (FAX) I caused such document(s) to be served via facsimile on the interested parties at their facsimile numbers listed above. The facsimile numbers used complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a report of the transmission.

☐ (HAND DELIVERY) By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered by hand to the addressee(s) designated.

☒ **(ELECTRONIC FILING]** I provided the document(s) listed above electronically through the CM/ECF system pursuant to the instructions set forth in the Local Rules for the United States District Court for the Central District of California.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 11, 2011, at Irvine, California.

|  Erin L. Sparkuhl  | /s/ Erin L. Sparkuhl |
| --- | --- |
| (Type or print name) | (Signature) |

80470 v1 *(Rx v. Cerner)*

# SERVICE LIST

| | |
|---|---|
| Mark Rabinovich, Esq.<br>Anthony P. Malecki, Esq.<br>Law Offices of Mark Rabinovich<br>17337 Ventura Blvd., Suite 228<br>Encino, CA 91316<br><br>(Tel): (818) 990-6991<br>(Fax): (818) 990-2823<br>mark@rabinovichlaw.com<br>**Malecki&rabinovichlaw.com**<br>**Attorneys for Plaintiff & Counter-Defendant, Deanna Azrilyan** | Bradley Bodamer<br>Shook, Hardy & Bacon L.L.P.<br>2555 Grand Blvd.<br>Kansas City, MO 64180<br><br>Tel: 816-474-6550<br>bbodamer@shb.com<br>**Attorney *Pro Hac Vice* for Defendant and Counterclaimant Cerner Healthcare Solutions, Inc.** |

80470 v1 *(Rx v. Cerner)*